UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :

UNITED STATES OF AMERICA

                                                   :    **ORDER**

- v. -

                                                   :    20 Cr. 21 (CS)

GRAFTON E. THOMAS,

                                                   :

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

         WHEREAS, pursuant to Title 18, United States Code, Section 4247(b), and the Court's Order dated February 5, 2020, a qualified examiner, Kari M. Schlessinger, Psy.D., Ph.D., conducted a psychological examination of GRAFTON E. THOMAS at the Metropolitan Correction Center; and

         WHEREAS, pursuant to Title 18, United States Code, Section 4247(c), Dr. Schlessinger filed a psychological report with the Court with copies provided to defense counsel Michael H. Sussman, Esq., and Assistant United States Attorneys Lindsey Keenan, Michael Krouse, and Lara Eshkenazi; and

         WHEREAS, Dr. Schlessinger's report concluded within a reasonable degree of psychological certainty that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense; and

         WHEREAS, neither defense counsel nor the United States Attorney's Office has filed any objections to Dr. Schlessinger's findings; and

         WHEREAS, after reviewing Dr. Schlessinger's report, this Court finds that that the defendant is presently suffering from a mental disease or defect rendering him mentally

incompetent to the extent that he is unable to assist properly in his defense;

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 4241(d), that the defendant be committed to the custody of the Attorney General of the United States; and it is further

ORDERED, pursuant to 18 U.S.C. § 4241(d)(1), that the Attorney General shall hospitalize the defendant as soon as possible for treatment in a suitable facility for such reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit criminal proceedings to go forward against him; and it is further

ORDERED that the Attorney General shall designate and transport the defendant to the suitable facility at which the defendant will be hospitalized as expeditiously as possible; and it is further

ORDERED that a Bureau of Prisons ("BOP") Federal Medical Center for prisoners is a "suitable facility" under 18 U.S.C. §§ 4241(d) and 4247(a)(2); and it is further

ORDERED that the four-month period for the defendant's commitment pursuant to 18 U.S.C. § 4241(d)(1) shall commence upon his arrival at the suitable facility; and it is further

ORDERED that, should the suitable facility find at any time that the defendant has attained the capacity to permit criminal proceedings to go forward against him, the BOP shall notify the Court as soon as practicable; and it is further

ORDERED that, upon the expiration of 30 days from the date of this Order, the BOP shall provide an interim report to the Court, the United States Attorney's Office, and defense counsel regarding the defendant's medical and psychological condition; the diagnosis of

the examiner(s) at the suitable facility where the defendant is hospitalized who are assigned to examine the defendant; and the view of the examiner(s) as to prognosis; and it is further

ORDERED that at the conclusion of the examination, evaluation, and treatment of the defendant in accordance with this Order, the BOP shall make a report of its findings as provided by 18 U.S.C. §§ 4247(c)(1), (2),(3), and (4)(A); and it is further

ORDERED that in evaluating the defendant and preparing any and all of the reports required by this Order, the examiner(s) at the suitable facility where the defendant is hospitalized who are assigned to examine the defendant shall consider, among any other pertinent materials, the report referenced in this Order, as well as any further documents that the Court may direct, and that the Government shall, to the extent necessary, provide copies of all such documents to the relevant person(s) at the suitable facility where the defendant is hospitalized; and it is further

ORDERED that in light of the pending state court prosecution of the defendant and the consequent need for his counsel and other members of the defense team to have contact with defendant during this period, the receiving facility shall arrange with defendant's counsel an orderly means and method for him to have attorney-client contact with defendant during this period of confinement;

ORDERED that the Government ensure that this Order is provided promptly to the appropriate personnel at the BOP and U.S. Marshals Service so that there are no undue delays in the designation and transportation of the defendant; and it is further

ORDERED that copies of any medical, psychiatric and/or psychological reports filed with the Court be provided to Assistant United States Attorneys Lindsey Keenan, Michael

Krouse, and Lara Eshkenazi, United States District Courthouse, 300 Quarropas Street, White Plains, NY 10601, and defense counsel Michael H. Sussman, Esq., 1 Railroad Ave., Goshen, NY 10924, and or any successor counsel appointed to represent the defendant; and it is further

ORDERED that, in light of the commitment of the defendant to the custody of the Attorney General for treatment pursuant to 18 U.S.C. § 4241(d), time under the Speedy Trial Act shall be excluded until further order of this Court, as such time involves a period of delay resulting from proceedings to determine the mental competency of the defendant, *see* 18 U.S.C. § 3161(h)(1)(A).

DATED:   April 19, 2020
         White Plains, New York

_____
HON. CATHY SEIBEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK