

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 26, 2021

**BY ECF**
The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re: United States v. Grafton E. Thomas, 20 Cr. 21 (CS)**

Dear Judge Seibel:

The parties in the above-referenced case write jointly to request an adjournment of the February 1, 2021, hearing pursuant to 18 U.S.C. § 4241(d), due to a change in circumstances. Specifically, as set forth below, the defendant has just recently, and voluntarily, begun a new course of psychiatric treatment, which may have a reasonable chance of impacting the issues before the Court. The parties jointly submit that an adjournment of approximately eight weeks would be appropriate to permit this course of treatment to take effect, and to obtain an updated report from the Bureau of Prisons, to better inform the Court and the parties' respective positions in advance of a hearing.

In preparation for the hearing, the Government conferred with the defendant's treating and evaluating psychologist, Dr. Lea Ann Preston Baecht, Ph.D. Dr. Baecht is the author of the October 26, 2020, forensic competency report which found that defendant had not been restored to competency, and evaluated the probability that the defendant could be restored to competency in the foreseeable future (the "Baecht Report"). As the Court knows, the Baecht Report described that the defendant continued to experience symptoms of psychosis despite approximately eight months of medication compliance with the anti-psychotic medication Zyprexa. (Baecht Report at 15). Dr. Baecht opined that "although it is possible Mr. Thomas might respond more favorably to a different anti-psychotic medication, he is currently unwilling to voluntarily consent to a different anti-psychotic medication." (*Id.*) Dr. Baecht repeatedly advised the defendant to consent to a change in medication, to no avail.

However, on January 20, 2021, Dr. Baecht provided the Government the significant update that the defendant voluntarily has consented to a change in his medication regimen. On January 26, 2021, the Government and defense counsel jointly conferred with Dr. Baecht regarding this development.

Dr. Baecht informed the parties that on or about January 15, 2021, at the recommendation of the defendant's treating psychiatrist, Dr. Robert Sarrazin, M.D., and with the defendant's consent, the defendant began taking a new anti-psychotic medication, Invega, in addition to the

Zyprexa (Olanzapine) the defendant previously was prescribed. To date, the defendant is tolerating the Invega, and continues to take it voluntarily. Dr. Baecht indicated there is a reasonable chance that Invega will be effective in managing the symptoms of the defendant's mental illness. However, it takes approximately 6 to 8 weeks for such medication to take effect. As a result, Dr. Baecht expects therapeutic results will not be apparent until on or after March 12, 2021.

Given this change in the defendant's treatment, the defendant's voluntary consent to the treatment, defense counsel's consent to adjourn the hearing to permit the defendant's continued treatment at USFMC Springfield for these eight weeks, and the fact that the defendant otherwise would be subject to detention pursuant to 18 U.S.C. § 3142(e) on grounds of dangerousness, the parties submit that this continued confinement comports "with the reasonable time limitations of due process." *United States v. Magassouba*, 544 F.3d 387, 416 (2d Cir. 2008) (concluding that 19-month period of confinement was not constitutionally unreasonable).

The parties propose that on or before April 1, 2021, Dr. Baecht submit a further report to the Court, evaluating whether there is a substantial probability that the defendant will be restored to competency in the foreseeable future, in accordance with 18 U.S.C. § 4241(d). On or before April 7, 2021, the parties will submit a joint letter to the Court proposing (i) a hearing pursuant to 18 U.S.C. § 4241(d)(2)(A); (ii) continued treatment pursuant to 18 U.S.C. § 4241(d)(2)(A); or (iii) confinement pursuant to 18 U.S.C. § 4246.

Accordingly, the parties respectfully request that the February 1, 2021, hearing be adjourned in light of this change in circumstances. Should the Court grant the requested adjournment, the Government respectfully requests an exclusion of time under the Speedy Trial Act, 18 U.S.C. 3161(h)(1)(A), from February 1, 2021, through the adjournment date. Defense counsel consents to the exclusion of time.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: /s/
Lindsey Keenan
Lara Eshkenazi
Kimberly Ravener
Assistant United States Attorneys
(212) 637-1565 / 2758 / 2358

GRAFTON E. THOMAS

By: /s/
Michael H. Sussman., Esq.
Bobbi E. Sternheim, Esq.

Application granted. Dr. Baecht shall submit an updated report by 4/1/21. The parties shall send a joint letter no later than 4/7/21 regarding how they propose to proceed. If a hearing is necessary, it will be held on 4/26/21 at 10:30 am. The time between now and 4/26/21 is hereby excluded under the Speedy Trial Act, 18 USC 3161(h)(1)(A).

SO ORDERED.

Cathy Seibel
CATHY SEIBEL, U.S.D.J.

1/26/21