

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 7, 2021

**BY ECF**
The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    **United States** v. **Grafton E. Thomas**, 20 Cr. 21 (CS)

Dear Judge Seibel:

    The parties write jointly regarding the status of this matter following receipt of the March 30, 2021 supplemental report from the defendant's treating and evaluating psychologist, Dr. Lea Ann Preston Baecht (the "Supplemental Report"). The parties agree that in light of the Supplemental Report, no evidentiary hearing regarding the defendant's competency is necessary. The parties agree that the Court may rely upon Dr. Baecht's conclusions to find that the defendant is presently incompetent to stand trial, and that there currently is not a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d).

    Given these developments, the parties respectfully request that the Court refer the defendant for civil commitment pursuant to 18 U.S.C. § 4246. *See* 18 U.S.C. § 4241(d) (defendant is subject to provisions of Section 4246 where defendant has not attained competency after authorized period of treatment). Under Section 4246, if the director of the Bureau of Prisons ("BOP") facility housing a defendant under Section 4241(d) certifies that the defendant is suffering from a mental disease or defect "as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another," and the Court finds the same by clear and convincing evidence after a hearing, the Attorney General shall release the defendant to the appropriate state officials for commitment, or continue to hospitalize the defendant for treatment in an appropriate BOP facility until the state assumes such responsibility. 18 U.S.C. § 4246(a)-(d). Before such a hearing, the Court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." 18 U.S.C. § 4246(b); *see also* Supplemental Report at 18 (stating that if the defendant is "adjudicated as unrestorable to competency," then "a mental health assessment to determine whether he suffers from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another would need to be completed"). Defense counsel does not dispute that their client currently presents a danger to the community and have no objection to entry of a finding pursuant to Section 4246.

  Accordingly, the parties respectfully request that the Court direct the BOP to provide a Section 4246 mental health assessment opining as to whether releasing the defendant with his mental disease or defect would create a substantial risk of bodily injury to another person or serious damage to property of another, and to file a report with its findings with the Court.  A proposed order is attached hereto as Exhibit A.  Should the Court grant this request, the parties respectfully request an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), for approximately 45 days, until May 24, 2021, to afford adequate time for the BOP to file a report regarding the defendant's eligibility for civil commitment pursuant to 18 U.S.C. § 4246.

            Respectfully submitted,

            AUDREY STRAUSS
            United States Attorney for the
            Southern District of New York

By: _____/s/_____
            Lindsey Keenan
            Lara Eshkenazi
            Kimberly Ravener
            Assistant United States Attorneys
            (212) 637-1565 / 2758 / 2358


            GRAFTON E. THOMAS

By: _____/s/_____
            Michael H. Sussman., Esq.
            Bobbi E. Sternheim, Esq.