

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 17, 2021

**BY ECF**
The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    <u>United States</u> v. <u>Grafton E. Thomas</u>, 20 Cr. 21 (CS)

Dear Judge Seibel:

    The Government writes in response to the Court's June 10, 2021 Order seeking the parties' positions regarding the status of this matter, in light of the conclusions in the May 24, 2021 Bureau of Prisons ("BOP") report regarding the defendant's eligibility for civil commitment pursuant to 18 U.S.C. § 4246 (the "Report"). For the reasons set forth below, the Government respectfully requests that the Court adjourn this matter for a period of approximately four months in order to permit the civil commitment action to proceed to a resolution. At that time, the Government proposes to provide an update to the Court regarding the status of this prosecution.

    The Government has conferred with counsel for the BOP, and confirmed that the BOP has commenced civil commitment proceedings in the Western District of Missouri, in light of the Report's conclusions that the defendant is presently suffering from a mental disease as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and that he requires ongoing treatment in an inpatient setting. To the extent the defendant seeks to be transferred to the custody of officials in the state of New York, the operative statute provides that the BOP "shall make all reasonable efforts to cause such a State to assume such responsibility" as part of the civil commitment process. 18 U.S.C. § 4246(d). Counsel for the BOP informed the Government that the defendant has been assigned counsel in the civil commitment proceedings, and that he is expected to receive an independent evaluation performed by a doctor of the defendant's choosing as part of those proceedings. Following its conversations with BOP counsel, the Government understands that the civil commitment process typically takes several months, inclusive of this evaluation.

    Once a defendant is civilly committed, "the pending indictment persists even after the defendant has been found unlikely to recover competency and has been committed as dangerous." *See United States v. Ecker*, 78 F.3d 726, 731-32 (1st Cir. 1996) (citing *Greenwood v. United States*, 350 U.S. 366, 375 (1956)) (internal quotation marks removed); *see also United States v. McAfee*, No. 18 Cr. 425 (JFK), 2021 WL 106268, at *3 (S.D.N.Y. Jan. 12, 2021) (denying motion to dismiss indictment where defendant found incompetent to proceed though not a danger under Section 4246). Here, the defendant's gravely serious offense conduct counsels in favor of permitting a

reasonable period of time to evaluate any prudent next steps, including whether dismissal of the Indictment is warranted. *See McAfee*, 2021 WL 106268, at *2.

Given the anticipated additional evaluation of the defendant's mental capacity and ongoing civil commitment proceedings, the Government respectfully proposes that the Court adjourn this matter for a period of approximately four months to afford adequate time for those proceedings to progress to a resolution, and to accordingly exclude time until approximately October 17, 2021 under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A). The Government will promptly apprise the Court if it learns that the civil commitment proceeding resolves prior to that period of time.

    Respectfully submitted,

    AUDREY STRAUSS
    United States Attorney for the
    Southern District of New York

By: _____/s/_____
    Lindsey Keenan
    Lara Eshkenazi
    Kimberly Ravener
    Assistant United States Attorneys
    (212) 637-1565 / 2758 / 2358