# SUSSMAN & ASSOCIATES
## - Attorneys at Law -

| MICHAEL H. SUSSMAN | 1 Railroad Ave. - Suite 3 | LEGAL ASSISTANT |
| --- | --- | --- |
| JONATHAN R. GOLDMAN | P.O. Box 1005 | SARAH OSBORNE |
| | Goshen, New York 10924 | |
| | | CHRISTOPHER D. WATKINS |
| | | of Counsel |
| | (845) 294-3991 | |
| | Fax: (845) 294-1623 | |
| | sussman1@frontiernet.net | |

June 21, 2021

Hon. Cathy Seibel
United States District Court – SDNY
300 Quarropas Street
White Plains, Ny 10601

    Re: **U.S. v. Thomas, 20 Cr. 21 (CS)**

Dear Judge Seibel,

    I represent Grafton Thomas and write in response to the government's letter dated June 17, 2021. There are two issues: first, whether the state of domicile, New York, has been consulted and refused to assume responsibility for the hospitalization of Mr. Thomas before the BOP has initiated civil commitment proceedings in Missouri. As I read 18 U.S.C. sec. 4246(d), it is quite clear that this is necessary: "the court shall commit the person to the custody of the Attorney General. The Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment." "If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility, until—

(1) such a State will assume such responsibility; or

(2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another;

whichever is earlier. The Attorney General shall continue periodically to exert all reasonable efforts to cause such a State to assume such responsibility for the person's custody, care, and treatment.

    I remain concerned that substantial efforts be made to committ my client in the State of New York, not in Missouri where he has no ties whatsoever. Considering the pending state

1

charges, it is frankly inconceivable that the State of New York would not wish to be responsible for the care and custody of Mr. Thomas.

Second, the criminal charges should now be dismissed, not held in abeyance as the government contends. Again, 18 U.S.C. section 4246 contemplates this:

(e)Discharge.—When the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the person's counsel and to the attorney for the Government. The court shall order the discharge of the person or, on the motion of the attorney for the Government or on its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released. If, after the hearing, the court finds by a preponderance of the evidence that the person has recovered from his mental disease or defect to such an extent that—

(1)his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged; or

(2)his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall—

(A)order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and

(B)order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

The court at any time may, after a hearing employing the same criteria, modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment."

This statute does not contemplate the resuscitation of criminal charges if the director of the hospital and the court determine that Mr. Thomas no longer creates a risk of substantial bodily injury to himself or another person or serious damage to the property of another. I do not understand the government to be making any such claim. My client is not pending trial as trial has been determined to be impossible due to his mental incapacity.

United States v. McAfee, No. 18 Cr. 425 (JFK), 2021 WL 106268, at *3 (S.D.N.Y. Jan. 12, 2021) is materially distinguishable. There is no need for my client to continue to face criminal charges as a means of invoking the provisions of the Bail Reform Act which would allow the court to impose prudent conditions on a person who has been declared mentally incompetent but then found not to be a danger to society. In such an instance, 18 U.S.C. section 4246 does not empower either the releasing hospital director or the court to impose conditions upon the defendant's release and, if the indictment is still pending, the district court may use the Bail Reform Act as a basis for so proceeding. Our case is distinguishable: the defendant has been deemed dangerous and, therefore, should his condition ever change, 18 U.S.C. section 4246(e) provides the court with the authority to impose any discharge conditions it deems necessary. In this context, there is no reason to maintain the indictment upon a finding that defendant is mentally incompetent.

          Yours respectfully,

          Michael H. Sussman

cc: All counsel of record