

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 8, 2022

**BY ECF**
The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    **United States v. Grafton E. Thomas, 20 Cr. 21 (CS)**

Dear Judge Seibel:

    The Government writes to provide a status update to the Court regarding the civil commitment of the defendant and the parallel proceedings in state court.

    On January 26, 2022, the Honorable Kevin F. Russo, County Court Judge for Rockland County, New York, issued an order in connection with the parallel state criminal case against the defendant, finding the defendant incompetent to stand trial and ordering the defendant "committed to the custody of the [New York] Commission of Mental Health for care and treatment . . . for a period not to exceed one year." *See People v. Grafton Thomas*, Indictment No. 2021-247, Order (the "State Order," attached hereto as Exhibit A). The State Order directs that notice be given, in writing, to Judge Russo should state officials determine that "the defendant is no longer an incapacitated person." Pursuant to New York Criminal Procedure Law Section 730.50.3, this initial one-year period of commitment of the defendant for care and treatment can be renewed "for periods not to exceed two years each," and the total period of potential state commitment is limited to two-thirds of the maximum term of imprisonment for the defendant's highest charged offense, which is 25 years to life in the defendant's case. On February 7, 2022, the New York State Office of Mental Health designated the defendant to the Mid-Hudson Forensic Psychiatric Center to receive care and treatment pursuant to the State Order.

    The BOP has informed the Government that, in light of the State Order, it must seek to vacate the November 23, 2021 federal civil commitment order previously issued by the Western District of Missouri, pursuant to 18 U.S.C. § 4246(d). *See* Dkt. 66 (Nov. 30, 2021 Letter Update) (citing *United States v. Grafton Thomas*, 6:21-cv-3126 (W.D. Mo.), Dkt. No. 24)). The operative statute directs that where, as here, a defendant has been federally committed pursuant to Section 4241(d), "[t]he Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried [*i.e.*, New York] if such State will assume responsibility for his custody, care, and treatment," and that the BOP "shall make all reasonable efforts to cause such a State to assume such responsibility" as part of the civil commitment process, which the parties have continued to pursue in this case with this Court's supervision. *See* 18 U.S.C. § 4246(d). The New York State Office of Mental Health appears to have confirmed that New York State has

assumed such responsibility for the defendant on February 7, 2022, with its designation of the defendant to a state facility, and accordingly, the BOP now intends to vacate the prior federal order of civil commitment.

Given the time limitations of the State Order, as well as the nature and seriousness of the charged offenses and the public safety risks presented by the defendant, the Government's strong interest in pursuing the charges should the defendant be restored to competency persists. Even where a defendant is civilly committed, "the pending indictment persists even after the defendant has been found unlikely to recover competency and has been committed as dangerous." *See United States v. Ecker*, 78 F.3d 726, 731-32 (1st Cir. 1996) (citing *Greenwood v. United States*, 350 U.S. 366, 375 (1956)) (internal quotation marks removed); *see also United States v. McAfee*, No. 18 Cr. 425 (JFK), 2021 WL 106268, at *2-3 (S.D.N.Y. Jan. 12, 2021) (denying motion to dismiss indictment where defendant found incompetent to proceed even where the likelihood of restoring competency was "minimal"). Here, the State Order requires state officials to reassess after one year whether the defendant's competency has been restored, and state law requires revisiting this determination every two years thereafter. The defendant's state commitment pursuant to the State Order is therefore subject to potential change based on these additional forensic psychiatric assessments. Under these circumstances, the Government respectfully submits that, at present and given the current uncertainty concerning the anticipated duration of the defendant's commitment by the State, it is in the interests of justice to maintain the pending federal charges against the defendant at this juncture.

The Government respectfully proposes to provide an interim update to the Court in approximately six months regarding the defendant's status pursuant to the State Order, prior to its one-year expiration. The Government respectfully proposes that the Court accordingly exclude time until at least August 8, 2022 under the Speedy Trial Act, 18 U.S.C. § 3161(h)(4).

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By: _____
        Lindsey Keenan
        Lara Eshkenazi
        Kimberly Ravener
        Assistant United States Attorneys
        (212) 637-1565 / 2758 / 2358

cc: Michael Sussman, Esq. (via ECF)
    Bobbi Sternheim, Esq. (via ECF)

Enclosure